UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:24-CV-20932-GAYLES

KEVIN J. DILLARD,

    Plaintiff,

v.

GEO CARE/ TREASURE COAST
FORENSIC TREATMENT CENTER
AND ALL STAFF,

    Defendant.
_____/

## ORDER

**THIS CAUSE** comes before the Court upon Defendant Treasure Coast Forensic Treatment Center/GEO Care's Motion to Dismiss Plaintiff's Complaint (the "Motion"). [ECF No. 10]. The Court has reviewed the Motion and the record and is otherwise fully advised. For the reasons set forth below, the Motion is **GRANTED**.

## BACKGROUND[1]

Plaintiff Kevin J. Dillard ("Plaintiff"), appearing *pro se,* filed this action against Defendant Treasure Coast Forensic Treatment Center/GEO Care and All Staff ("Defendant") on March 11, 2024. Plaintiff alleges that, on three different dates in 2014, he was wrongfully committed at Defendant's treatment center where staff members forcibly treated him with antipsychotic medications and other substances. [ECF No. 1]. Plaintiff sets forth claims against Defendant under

---

[1] As the Court proceeds on a motion to dismiss, it accepts the allegations in Plaintiff's Complaint as true. *See Brooks v. Blue Cross & Blue Shield of Fla. Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997) (per curiam).

1

42 U.S.C. § 1983 for violations of the Eighth and Fourteen Amendments. *Id.* Defendant now moves to dismiss arguing that Plaintiff's claims are time barred.[2] [ECF No. 10].

## LEGAL STANDARD

To survive a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), a claim "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" meaning that it must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). While a court must accept well-pleaded factual allegations as true, "conclusory allegations . . . are not entitled to an assumption of truth—legal conclusions must be supported by factual allegations." *Randall v. Scott*, 610 F.3d 701, 709-10 (11th Cir. 2010). "[T]he pleadings are construed broadly," *Levine v. world Fin. Network Nat'l Bank*, 437 F.3d 1118, 1120 (11th Cir. 2006), and the allegations in the complaint are viewed in the light most favorable to the plaintiff. *Bishop v. Ross Earle & Bonan, P.A.*, 817 F.3d 1268, 1270 (11th Cir. 2016). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Therefore, a complaint that merely presents "labels and conclusions or a formulaic recitation of the elements of a cause of action" will not survive dismissal. *Id.* (internal quotations omitted).

## DISCUSSION

Defendant argues that Plaintiff's claims are time-barred. The Court agrees.

Federal courts apply state law to determine the statute of limitations applicable to § 1983 civil rights actions. *Phillips v. May*, No. 16-CV-14032, 2017 WL 11582031, at *2 (S.D. Fla. Nov.

---

[2] Plaintiff filed two previous actions in this Court against the same Defendant. *See Dillard v. Geo Care/Treasure Coast Forensic Treatment Center, et al.*, Case No. 23-CV-14004-RNS and *Dillard v. Geo Care/Treasure Coast Forensic Treatment Center*, Case No. 23-22423-RNS. Judge Scola dismissed both actions as time-barred.

20, 2017) (citing *Dukes v. Smitherman*, 32 F.3d 535, 537 (11th Cir. 1994)). As Plaintiff's claims arose in Florida, Florida's four-year statute of limitations applies. *See Chappell v. Rich*, 340 F.3d 1279, 1283 (11th Cir. 2003).

Plaintiff alleges that Defendant mistreated him and deprived him of his rights in 2014, ten years before Plaintiff filed this action on March 11, 2024. Plaintiff provides no justification for his delay in bringing this action. Accordingly, Plaintiff's claims are time-barred and shall be dismissed.

## CONCLUSION

Based on the foregoing, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion to Dismiss Plaintiff's Complaint, [ECF No. 10], is **GRANTED.**

2. Plaintiff's Complaint, [ECF No. 1], is **DISMISSED with prejudice.**

3. This case is **CLOSED,** and any pending motions are **DENIED as moot**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 25th day of July, 2024.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE